HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM MCELROY,<br><br>    Plaintiff,<br><br>    v.<br><br>KING COUNTY, et al.,<br><br>    Defendants. | CASE NO. C12-1299RAJ<br><br>ORDER |

The court DENIES the parties' stipulated motion for a continuance. Dkt. # 14. The parties filed that motion on September 9, more than a month after discovery closed and six days after they were required to submit any dispositive motions. The motion requests a three-month continuance of the trial date as well as an extension of the expired discovery deadline to November 5.

The sole explanation for the request is that the Plaintiff is *considering* filing bankruptcy and the parties' belief that in that event, "the case will have to be stayed until a bankruptcy trustee appoints an attorney to prosecute Plaintiffs' case."

The court has no idea in what case the parties believe that a bankruptcy trustee will appoint an attorney. In any event, Plaintiff's bankruptcy (if it occurs) will not automatically stay this case. The filing of a bankruptcy petition gives rise to an automatic stay on any "action or proceeding *against* the debtor . . . ." 11 U.S.C. § 362(a)(1) (emphasis added). A bankruptcy petition does not give rise to an automatic stay on

ORDER – 1

actions or proceedings brought by the debtor.  *See*, *e.g.*, *Parker v. Bain (In re Parker)*, 68 F.3d 1131, 1138 (9th Cir. 1995); *Crosby v. Monroe County*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004).

If the parties wish to renew their request to continue the trial date and related deadlines, they must provide a specific explanation of why they have been unable to comply with the current case schedule.  They must also explain in much greater detail why they believe Plaintiff's possible bankruptcy will impact this case.

DATED this 17th day of September, 2013.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 2