HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM MCELROY,

    Plaintiff,

    v.

KING COUNTY, et al.,

    Defendants.

CASE NO. C12-1299RAJ

ORDER

    The court issues this order to clarify the issues remaining for trial. This order is necessary because, as the court has detailed in its prior orders, the parties have done nothing to prosecute this case until very recently. They allowed all relevant deadlines (including the deadline for dispositive motions) to pass without action and filed no timely and proper motions in limine. The court is thus in the unenviable position of determining the scope of trial solely from the parties' trial briefs.

    William McElroy filed this suit against King County and its Sheriff's Office more than three years after the April 2009 incident from which the suit arises. Mr. McElroy and several others were barbecuing in front of an auto repair business. They were interrupted by the arrival of many Sheriff's deputies, who were responding to a 911 call that someone in the area was brandishing a weapon. The deputies demanded that everyone present at the barbecue place their hands on their heads while the deputies determined if anyone was carrying a weapon. For reasons that the parties dispute, one of the deputies sprayed Mr. McElroy in the eyes with pepper spray. In the aftermath of the

ORDER – 1

spraying, Mr. McElroy contends that he demanded medical attention and water, and that no deputy attended to his needs.

Mr. McElroy's complaint raised many claims. He contended that the Defendants were liable for "excessive force" and "unlawful arrest" via Washington common law and the Washington Constitution. Compl. (Dkt. # 1), ¶¶ 55-58, 67-72. He also invoked 42 U.S.C. § 1983, contending that Defendants violated the Fourth Amendment of the United States Constitution. Compl. ¶¶ 59-66. He also raised a claim for "Respondeat Superior," a claim for "Spoliation," and a claim for "Negligent Supervision." Compl. ¶¶ 73-87.

Mr. McElroy and Defendants recently filed a stipulation to dismiss with prejudice all of his claims invoking federal law and his "claims for false imprisonment, false arrest and spoliation arising under Washington state law." Dkt. # 35. The court accepts the parties' stipulation, and deems those claims dismissed with prejudice.

The stipulation itself thus leaves for trial Mr. McElroy's claims for excessive force (via both Washington common law and the Washington Constitution), his "Respondeat Superior" claim, and his "Negligent Supervision" claim.

The court observes that Mr. McElroy's claim of negligent supervision, which contains an allegation of negligent training, relates solely to the Sheriff's alleged failure to properly train its deputies on the use of pepper spray. There are no allegations anywhere in the complaint suggesting an act of negligence that does not relate to the use of pepper spray. The court will soon elaborate on this observation.

In an argument that they should have made months ago in a dispositive motion, Defendants argue that Mr. McElroy's negligence claim is merely a disguised claim for assault and battery. Assault and battery claims (like the false arrest claim that Mr. McElroy has abandoned) are subject to a two-year statute of limitations, whereas negligence claims are subject to a three-year statute of limitations. RCW 4.16.100(1) (providing two-year period for actions for "assault, assault and battery, or false

ORDER – 2

imprisonment"); *Heckart v. Yakima*, 708 P.2d 407 (Wash. Ct. App. 1985) (holding false arrest claims subject to two-year limitations period); RCW 4.16.080(2) (providing three-year period for actions for "injury to the person or rights of another not hereinafter enumerated"). Mr. McElroy sued within a three-year limitations period, but not a two-year limitations period.[1]

Washington courts have expressed concern in cases where plaintiffs attempt to extend the two-year statute of limitations applicable to assault and battery claims by recharacterizing them as negligence claims. In *Boyles v. City of Kennewick*, 813 P.2d 178, 179 (Wash. Ct. App. 1991), the court confronted a plaintiff who attempted to avoid a motion to dismiss her untimely assault and battery claims by amending her complaint to state a claim for negligence. Like Mr. McElroy, the plaintiff in *Boyles* sued law enforcement officers for the use of excessive force in arresting her. *Id.* The court reviewed the allegations of the operative complaint, which alleged only the intentional use of excessive force in arresting her. *Id.* The court held that these allegations stated no claim for negligence, and that it was too late to amend the complaint to include such allegations. The court did not rule out the possibility of stating a negligence claim against law enforcement, it merely held that the operative complaint stated no such claim. *Id.* at 180 ("While a claim for negligence against a police officer is possible, it is not raised by the factual allegations of the complaint in this case and, therefore, does not relate back to the original pleadings; additional facts would be necessary to support it.").

*Boyles* provides no support for Defendants' efforts to win judgment against Mr. McElroy's negligent supervision claim. That claim, which has been present in the complaint from the outset, alleges that Defendants negligently failed to train their deputies in the proper use of pepper spray, including failing to train them regarding the

---

[1] Mr. McElroy's suit came more than three years after the April 2009 incident, but no one disputes that state-law tolling doctrines make his suit timely as to claims subject to a three-year statute of limitations.

ORDER – 3

proper treatment of people who have been pepper sprayed. Critically, the claim targets the negligence of the people responsible for training the deputies, not the deputies themselves.

What *Boyles* does illustrate, however, is that Mr. McElroy's complaint presents no viable negligence claim beyond the one the court just described, and that Mr. McElroy cannot recharacterize his excessive force claims as negligence claims. As Mr. McElroy concedes, law enforcement officers are permitted to use whatever force is necessary to carry out a lawful arrest. Mr. McElroy's abandonment of his false arrest claims means that he may not contend at trial that his arrest was improper. His excessive force claims are properly characterized as claims of assault and battery. *Boyles*, 813 P.2d at 179 ("Generally, a police officer making an arrest is justified in using sufficient force to subdue a prisoner, however he becomes a tortfeasor and is liable as such *for assault and battery* if unnecessary violence or excessive force is used in accomplishing the arrest.") (emphasis in original).

It is possible for law enforcement officers to commit acts of negligence while engaging in assault and battery. If, for example, an officer had failed to secure her pepper spray properly while handcuffing Mr. McElroy, and accidentally discharged the spray in his face, she might be liable in negligence. But an officer who intentionally uses pepper spray to subdue an arrestee is not negligent; she is liable (if at all) for assault and battery.

Scouring Mr. McElroy's complaint and giving him every benefit of the doubt, the court finds no allegations of negligence by the on-scene deputies. Instead, the allegations describe intentional acts: brandishing of rifles, threatening to use rifles against the people at the barbecue, ordering people to the ground, pushing Mr. McElroy to the ground, using pepper spray against him, and refusing to provide water or medical attention despite Mr. McElroy's demands. All of those allegations describe acts of assault or battery. *See*,

ORDER – 4

*e.g.*, *Nix v. Bauer*, No. C05-1329Z, 2007 U.S. Dist. LEXIS 14951, at *11 (W.D. Wash. Mar. 1, 2007) (granting summary judgment on negligence claim against officers, "not[ing] that allegations of intentional conduct cannot support a claim of negligence," and that plaintiff had "failed to allege any facts supporting a claim for negligence"). Assault and battery claims are time-barred. *See*, *e.g.*, *Cline v. City of Seattle*, No. C06-1369MJP, 2007 U.S. Dist. LEXIS 66393, at *13 (W.D. Wash. Sept. 7, 2007) ("[T]o the extent Plaintiff's complaint can be construed as asserting state-law negligence claims, such claims would appear to be false arrest claims couched in negligence terms and would be subject to the two-year statute of limitations for a false arrest claim.").

Mr. McElroy's excessive force claim via Washington common law is in reality an untimely claim of assault and battery. His effort to raise the same excessive force claim via the Washington Constitution fails for a different reason: there is no private right of action for violations of the Washington Constitution. *Reid v. Pierce County*, 961 P.2d 333, 342-43 (Wash. 1988).

What remains for trial in this action is a single claim: that Defendants are liable for negligently failing to train their deputies in the proper use of pepper spray.[2] Because he did not timely sue for false arrest or assault and battery, Mr. McElroy may not offer evidence or argument suggesting that the on-scene deputies did not have the right to use pepper spray; he may not offer evidence or argument that Defendants lacked probable cause to arrest him or anyone else; and he may not offer evidence or argument that Defendants used excessive force. He has one narrow claim to present at trial; that Defendants negligently failed to properly train the deputies in the use of pepper spray, and that he was injured as a result.

---

[2] Defendants contend that a claim of negligent training or negligent supervision is impermissible where the negligently trained or supervised employees were acting in the scope of their employment. This court has rejected that position in another case. *Traverso v. City of Enumclaw*, No. 11-1313RAJ, 2012 U.S. Dist. LEXIS 98461, at *15-20 (W.D. Wash. Jul. 16, 2012). Defendants make no argument that convinces the court to reach a different ruling today.

ORDER – 5

"Respondeat superior" is not a standalone cause of action, it is a doctrine that makes employers liable for the acts of their employees.  It has no application here, where there are no claims against individual employees of Defendants.

The court declines to reach Defendants' argument that Mr. McElroy lacks expert testimony necessary to prove that the deputies caused him an injury.  That argument should have been raised in a proper motion in limine.  Defendants may object at trial if a witness offers testimony beyond the ken of a lay witness.

Finally, the court agrees that the King County Sheriff's Office, which is an agency within the control of King County, is not a proper Defendant.  The parties will accordingly refer to King County as the sole Defendant at trial.

The court reaches its rulings today aware that Mr. McElroy has not had an opportunity to respond to the arguments that Defendants raised for the first time in their trial brief.  Accordingly, the court will permit him to present any objections to this order in writing, no later than noon on Monday, December 9.

DATED this 5th day of December, 2013.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 6