HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM MCELROY,<br><br>    Plaintiff,<br><br>    v.<br><br>KING COUNTY, et al.,<br><br>    Defendants. | CASE NO. C12-1299RAJ<br><br>ORDER |

The parties have notified the court of their stipulation to dismiss this action with prejudice. Dkt. # 46. Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure dictates that this matter is now DISMSSED, with prejudice.

One matter remains.

Counsel for Plaintiff William McElroy notified the court that his client had decided not to proceed to trial on December 12 at 8:00 a.m. Jury selection was set to begin five and a half hours later, at 1:30 p.m. The court commends court staff for working as quickly as possible to inform jurors that their service was no longer necessary. Despite their efforts, some jurors did not receive notice, and they appeared in court as their jury summons required. The court ORDERS that Plaintiff's counsel must pay the costs of summoning those jurors, $766.12, and must do so no later than January 15, 2014.

The court now summarizes its reasons for assessing jury costs.

ORDER – 1

On December 5, the court issued an order limiting the scope of issues remaining for trial. Trial was set to begin one week later, on December 12. Putting aside rulings on motions in limine, the court strongly prefers to issue such orders at least a month before trial, if not sooner. It did not do in this case because Defendants ignored court deadlines for dispositive motions. The court narrowed the scope of trial based on the parties' trial briefs. The "narrowing" in question was a straightforward application of the statute of limitations. Plaintiff's counsel knew, or reasonably should have known, that his client's claims based on intentional conduct were untimely. His timely claims were for negligence. The December 5 order held that he could not recast as negligence his claims that law enforcement officers had used excessive force against his client during an arrest.

The parties appeared before the court on November 20 for a pretrial conference. Each received a copy of the court's pretrial conference checklist, which includes the following paragraph:

> **Settlement and Notification to the Court of Settlement:** Local Rule 39(d) states: "Where cases set for trial by jury are settled or agreed to be tried without a jury, notice of such agreement shall be filed in the clerk's office as soon as possible but no later than five (5) days before the day on which the case is set; otherwise jury expenses incurred by the government, if any, shall be paid to the clerk by the parties agreeing to such settlement or waiver. And where a continuance of such a case shall be applied for by one side, and resisted by the other, and granted by the court, the payment of jury expenses incurred by the government, if any, by the party applying for the continuance shall in all cases be one of the conditions of the continuance unless such continuance be granted as a matter of right and was not due to any fault of the moving party."

The parties are responsible for complying with the Local Rules in any event, but the pretrial conference checklist is yet another reason that no party can credibly claim to be unaware of the possibility that the court will require them to pay the cost of summoning jurors if they do not timely inform the court of settlement or another reason that trial will not begin as scheduled. The pretrial conference checklist in this case also gave the parties a deadline of November 27 to notify the court of settlement without incurring jury

ORDER – 2

costs. The court discussed both the possibility of assessment of costs and the November 27 deadline at the pretrial conference.

November 27 came and went with no notice from any party.

The December 5 order concluded with the following paragraph:

> The court reaches its rulings today aware that Mr. McElroy has not had an opportunity to respond to the arguments that Defendants raised for the first time in their trial brief. Accordingly, the court will permit him to present any objections to this order in writing, no later than noon on Monday, December 9.

Mr. McElroy presented no objections to the court's order.

On December 9, the court's staff contacted counsel for both parties to ask if it would inconvenience them if the court moved the beginning of jury selection from 9:00 a.m. on December 12 to 1:30 p.m. Counsel for both parties responded that they had no objection.

The court next heard from the parties by an email that Mr. McElroy's counsel sent to Defendants' counsel and the court's in-court deputy clerk at 8:18 a.m. on December 12. The email began as follows: "In light of the Court's recent order clarifying claims for trial, Mr. McElroy has decided against proceeding to Trial this afternoon." The email attached a stipulation of dismissal. It offered no explanation whatsoever of why counsel had not informed the court (or opposing counsel) of his decision sooner.

The deputy clerk quickly contacted this District's jury staff to inform them of the last-minute development. As described in the declaration attached to this order, jury staff worked diligently to prevent jurors from appearing unnecessarily. Despite their efforts, five jurors appeared, including one who lives far from the courthouse who came to Seattle the previous evening and stayed in a hotel. All told, the appearance of these jurors cost the government $766.12. Those costs would have been far greater had court staff not acted quickly.

ORDER – 3

The costs the court just identified are almost certainly the result of the lack of diligence of Mr. McElroy's counsel.  Certainly counsel has presented no evidence that his client changed his mind about trial at 8:00 a.m. on the morning trial was set to commence.  He has presented no evidence that he informed his client of the December 5 order in a timely fashion, informed his client of the possibility of paying jury costs, and that his client nonetheless waited until the morning of trial to drop his claims.  Lacking any evidence that Mr. McElroy is personally at fault, the court orders his counsel to pay $766.12 in jury costs.

Payment is due no later than January 15.  If counsel wishes, he may file a declaration no later than December 24 in which he attempts to justify his last-minute notification to the court, or attempts to shift responsibility for the last-minute notice to someone other than him.  The court will consider that declaration, and will issue another order if it concludes that the declaration provides any basis for modifying this order.  Unless the court orders otherwise, however, counsel must make the payment to the Clerk of Court no later than the close of business on January 15.  If he does not, the court will order counsel to show cause why he should not be held in contempt.

DATED this 13th day of December, 2013.

_____
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 4